UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB MEYER, individually and on behalf of all others similarly situated § § § Plaintiff, § § vs. § § PHOENIX TECHNOLOGY SERVICES USA INC. § § § § Defendant. | Docket No. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### I.    SUMMARY

1.    Plaintiff, Jacob Meyer brings this lawsuit to recover unpaid overtime wages and other damages from Defendant Phoenix Technology Services USA Inc. for himself and all others similarly situated under the Fair Labor Standards Act ("FLSA"). Instead of paying Plaintiff by the hour and overtime, Defendant paid all of its drillers and operators a hybrid base salary and daily rate. Plaintiff was typically scheduled to work 12 hour shifts for weeks at a time. Regardless of the actual amount of hours worked, Plaintiff never received overtime for hours worked in excess of forty (40) in a single work week. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### II.    JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. THE PARTIES

4. Jacob Meyer worked for Defendant as a MWD operator during the relevant statutory time period. His consent to be a party plaintiff has been attached hereto as Exhibit A.

5. The nationwide class of similarly situated employees ("Putative Class Members") consists of

> **ALL INDIVIDUALS WHO WERE (A) EMPLOYED BY PHOENIX TECHNOLOGY SERVICES USA INC. OVER THE PAST THREE YEARS; (B) WORKED AS A DRILLER OR OPERATOR; AND (C) PAID A BASE SALARY AND DAY RATE WITH NO OVERTIME COMPENSATION**

6. Phoenix Technology Services USA Inc. may be served by serving its registered agent **C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136**.

### IV. COVERAGE UNDER THE FLSA

7. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

9. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTS

11. Phoenix Technology Services USA Inc. is an oilfield service company with significant operations in the United States.

12. Phoenix Technology Services USA Inc. maintains offices in Houston, Ft. Worth, Midland, Texas; Oklahoma City, Oklahoma; Denver, Colorado; Casper, Wyoming; Traverse City, Michigan; and elsewhere around the world. http://phxtech.com/contacts.html.

13. Over the statutory time period, Defendant has employed hundreds of drillers and operators throughout the United States. While exact job titles may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

14. Plaintiff worked for Defendant as a MWD operator within the statutory time period. His primary job duties included operating oilfield machinery, collecting/relaying data, and reporting his daily activities to his field supervisors for analysis. Plaintiff would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan. The well plan was created, implemented, and regularly maintained by the well site supervisors. Plaintiff's activities were routine and largely governed by standardized plans and checklists created by Defendant. Every element of Plaintiff's job was predetermined for him by Defendant and his superiors, including the tools to use at a job site, the data to compile, and schedule of work and related work duties. Plaintiff was prohibited from varying his job duties outside of the predetermined parameters. Plaintiff's job functions were primarily manual labor/technical in nature, requiring little to no official training. Likewise, college education was not required for the completion of his job. As an MWD operator, Plaintiff did not have any supervisor or management duties.

15. The entire time Plaintiff worked for Defendant, he never received overtime compensation. In fact, Plaintiff was generally scheduled to work 84 hours per workweek but often worked more. Instead of hourly, Plaintiff was paid a base salary plus a day rate. Defendant denied Plaintiff overtime for any and all hours worked in excess of forty (40) in a single work week. The controlling law makes it clear that this manual labor/technical duties performed by Plaintiff is *non*-exempt work. Therefore, Defendant owes back overtime wages to hundreds of their drillers and operators all of whom work long hours each workweek without overtime pay.

## VI. FLSA VIOLATIONS

16. During the relevant time period, Defendant has violated, and is violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing persons in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than one and one-half the regular rates for which they were employed.

17. Defendant knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff and all those similarly situated overtime compensation. The decision by Defendant not to properly pay overtime compensation to its employees was neither reasonable, nor in good faith. Accordingly, Plaintiff and all those who are similarly situated are entitled to overtime wages under the FLSA in an amount equal to one and one-half times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VII. COLLECTIVE ACTION ALLEGATIONS

18. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees have worked with Plaintiff

4

and have reported that they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA. Thus, from Plaintiff's observations and discussions with these employees, Plaintiff is aware that the illegal practices or policies of Defendant have been imposed on the Putative Class Members nationwide.

19. The Putative Class Members all received a salary plus a day rate, regularly worked in excess of 40 hours per week, and were not paid overtime compensation. These employees are victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay provisions, and employment practices.

20. Defendant's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Putative Class Members. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

21. The specific job titles or precise job locations of the various Putative Class Members does not prevent collective treatment. All of the Putative Class Members, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

## VIII. Relief Sought

22. WHEREFORE, Plaintiff prays for judgment against Defendant as follows

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b.  For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

c.  For an Order awarding Plaintiff (and those who have joined in the suit) attorney fees;

d.  For an Order awarding Plaintiff (and those who have joined in the suit) unpaid benefits and compensation in connection with the FLSA violations;

e.  For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
Michael A. Josephson
Fed. Id. 27157
State Bar No. 24014780
Andrew Dunlap
Fed. Id. 1093163
State Bar No. 24078444
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet St.
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**AND**

        Richard J. (Rex) Burch
        Fed. Id. 21615
        Texas Bar No. 24001807
        **BRUCKNER BURCH, P.L.L.C.**
        8 Greenway Plaza, Suite 1500
        Houston, Texas 77046
        713-877-8788 – Telephone
        713-877-8065 – Facsimile
        rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**